NOT FOR PUBLICATION

FILED & ENTERED

OCT 06 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Reaves    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:15-bk-11763-MB |
| LAUREL CANYON MK2, LLC, | Chapter 11 |
| Debtor. | **MEMORANDUM OF DECISION DENYING EX PARTE APPLICATION TO FILE SETTLEMENT AGREEMENT UNDER SEAL [DKT. NO. 60]** |

**MEMORANDUM OF DECISION**

On September 10, 2015, Laurel Canyon MK2 LLC, debtor and debtor in possession (the "Debtor") filed its *Renewed Ex Parte Application (Pursuant to this Court's August 25, 2015, Ruling) for an Order Authorizing Debtor File Under Seal the Confidential Settlement Agreement* (the "Application"), Dkt. 60, and supporting declarations by Lee Lubin and Eric Bensamochan. On September 14, 2015, JPMorgan Chase Bank, N.A., filed *Secured Creditor JPMorgan Chase Bank, N.A.'s Limited Opposition to Second Ex Parte Application of the Debtor to File Settlement Under Seal* (the "Opposition"), Dkt. 61.

The Court has reviewed and considered the Application, the Opposition, and, *in camera*, the document that the Debtor seeks authority to file under seal and files this memorandum in order to explain its decision on the Application.

Access to papers filed in a bankruptcy case is governed by Bankruptcy Code section 107(a). See *Father M v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d 417, 429-31 (9th Cir. 2011). Bankruptcy Code section 107(a) creates a strong presumption in favor of public access to all papers filed in a bankruptcy case:

> Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

11 U.S.C. § 107(a). The only exception potentially applicable here is under Bankruptcy Code section 107(b), which provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b). Rule 9018 of the Federal Rules of Bankruptcy Procedure parallels the foregoing statute, providing:

1

**MEMORANDUM OF DECISION**

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

The Debtor contends that Houston Apartment Holdings, LLC ("Houston") is the beneficiary of a prepetition state court judgment entered against the debtor, pursuant to a prepetition confidential settlement agreement (the "Settlement Agreement"). The Debtor alleges that Houston is enforcing the state court judgment in a manner that violates the settlement agreement and indicates its intention to seek relief from this Court to enforce the settlement agreement. The Debtor notes, however, that the parties to the Settlement Agreement are obligated under its terms to maintain the confidentiality of that agreement.

By its Application, the Debtor seeks an order of this Court authorizing the filing under seal of the Settlement Agreement. The only cause articulated for this relief is that the parties agreed at the time of the settlement agreement to maintain its confidentiality. This is not cause to authorize the filing under seal of a settlement agreement. See *Togut v. Deutsche Bank AG (In re Anthracite Capital, Inc.)*, 492 B.R. 162 (Bankr. S.D.N.Y. 2013) (unsealing settlement agreement notwithstanding condition that there would be no deal if the court did not maintain the agreement under seal).

Moreover, the Court has reviewed the Settlement Agreement *in camera* and finds nothing therein that appears to constitute a trade secret or confidential research, development, or commercial information, or any material that is scandalous or defamatory matter.

The Court notes that under Bankruptcy Code section 107(b) (and Rule 9018) information "is not commercial simply because it relates to business affairs." *Robbins v. Tripp*, 510 B.R. 61 (D.S.C. 2014). Rather, it is "information which would cause 'unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994), citing *In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982).

Further, the Court notes that the contents of the Settlement Agreement no longer appear to be confidential. In that certain civil action that has been removed to this Court from the Los Angeles Superior Court, *Phoenix Surf vs. Smadi, Inc., et al*, Adv. No. 1:15-ap-01137, the publicly-filed complaint already discloses much of the substance of the Settlement Agreement, which is an essential basis of the relief requested in that proceeding.

The Court will enter a separate order denying the Application.

###

Date: October 6, 2015

Martin R Barash
United States Bankruptcy Judge